UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VERNES PENGIC on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Civil Action Number: ) ) |
| v. | ) ) ) Jury Trial Demanded |
| RIOF, INC., a company doing business in Georgia, and DAVID RAMIREZ, an individual, | ) ) ) ) |
| Defendants. | ) |

**FAIR LABOR STANDARDS OVERTIME
COLLECTIVE ACTION COMPLAINT**

COMES NOW Plaintiff Vernes Pengic (hereinafter "Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendants RIOF, Inc. (hereinafter "Defendant RIOF") and David Ramirez (hereinafter "Defendant Ramirez") (collectively "Defendants") on behalf of himself and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended

(hereinafter "FLSA"), and specifically the collective action provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff, as well as others similarly situated to the named Plaintiff, of their lawful overtime wages.

2. Named Plaintiff brings this action as a collective action on behalf of himself and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. § 216(b).

3. Other current and former employees of Defendants are also entitled to receive overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiff may be permitted to maintain this action "for and on behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated current or former employee of Defendants in the position of cubicle/office installer wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

4. Plaintiff and those similarly situated were employed by Defendants doing cubicle/office installation related work (hereinafter "installers").

5. During the employment of Plaintiff, and for at least three years prior to the filing of this Complaint in the case of any collective group similarly situated,

2

Defendants committed violations of the FLSA by failing to compensate employees at the legally appropriate overtime rate for hours worked in excess of forty hours in a given workweek.

6.     Plaintiff and all similarly situated current and former employees of Defendants who elect to participate in this action seek overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

8.     Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## PARTIES

9.     Plaintiff resides in Lawrenceville, Georgia (within this District) and is a citizen of the United States. Plaintiff was employed by Defendants from approximately December, 2012 until approximately August, 2013 and from approximately April, 2014 through October, 2014 as an installer.

10. At all times material to this action, the named Plaintiff and any collective group similarly situated were "employees" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. These same individuals are further covered by §§ 203, 206, and 207 of the FLSA for the period in which they were employed by Defendants.

11. Upon information and belief, Defendant RIOF is a corporation. Plaintiff's attorneys, however, have been unable to locate Defendant RIOF on the web site of the Secretary of State of the State of Georgia.

12. Upon information and belief, Defendant Ramirez is the owner of Defendant RIOF.

13. Plaintiff worked from Defendants' location at 915 Branch Drive, Alpharetta, Georgia 30004.

14. Defendants maintained either actual or constructive control, oversight and direction of Defendants' business, including the employment and pay and other practices of those operations of Plaintiff and others similarly situated.

15. Defendants conduct business within this State and District.

16. Defendant RIOF is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 915 Branch Drive, Alpharetta, Georgia 30004.

17. Defendant Ramirez is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 915 Branch Drive, Alpharetta, Georgia 30004.

18. At all times material to this action, Defendant RIOF was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

19. At all times material to this action, Defendants were "employers" of Plaintiff as defined by § 203(d) of the FLSA.

20. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

**FACTUAL ALLEGATIONS**

21. Defendants provide office design and space planning and office furniture delivery and installation within at least the Atlanta, Georgia area.

22. During the relevant time period, Defendants assigned Plaintiff to deliver and install office furniture and cubicles.

23. Defendants employed numerous individuals in the Atlanta, Georgia area to perform the same type of work performed by Plaintiff.

24. Defendants classified Plaintiff and those similarly situated as independent contractors. However, Plaintiff and those similarly situated were actually employees of Defendants entitled to the protections of the FLSA.

25. Defendants set the schedule for which Plaintiff and the installers worked.

26. Defendants determined the time Plaintiff and the installers were required to report to work.

27. Defendants determined the time Plaintiff and the installers were permitted to leave work at the end of each work day.

28. Defendants determined the location that Plaintiff and the installers would work each day.

29. Defendants told Plaintiff and the installers whether and when to meet at Defendants' warehouse at the beginning of each shift or at the client's location.

30. Defendants paid for all supplies used by Plaintiff and the installers at the client's work site.

31. Defendants brought equipment to the work site like dollies, carts, blue prints, saws, glue, hardware and installation products.

32. Defendants had a supervisor at each job site.

33. The supervisor supervised Plaintiff's work and the work of the installers at all times that Plaintiff and the installers were at the client's work site.

34. The supervisor determined when to call a break and when break time was over and the installers were required to return to work.

35. The supervisor reviewed all of Plaintiff's work and the work of the installers and made sure that it was completed satisfactorily.

36. Plaintiff's job and the job of the installers did not require any specialized skill, certification, or training.

37. Plaintiff and the installers had no control on how they performed their job duties.

38. Plaintiff and the installers performed their job duties based upon what Defendants told them to do.

39. Defendants required that Plaintiff and the installers accept all work assignments Defendants made to them.

40. Defendants did not allow Plaintiff or the installers to reject any work assignments Defendants made to them.

41. Defendants' pay practices were the same for Plaintiff and all of the installers.

42. Defendants compensated Plaintiff and all of the installers at an hourly rate.

43. Defendants determined the hourly rate to compensate Plaintiff and the installers.

44. At all times relevant to this action, Defendants regularly required Plaintiff and the installers to work in excess of forty hours a week.

45. Defendants did not compensate Plaintiff and the installers at a rate of time and one-half of their regular rate for hours over forty per workweek.

46. Defendants had a policy and/or practice of not compensating Plaintiff and the installers at a rate of time and one-half for hours worked over forty per workweek.

47. During at least the previous three years, Defendants did not compensate any of its installers at a rate of time and one-half for hours worked over forty per workweek.

48. During at least the previous three years, Defendants compensated Plaintiff and the installers only straight time for all hours over forty per workweek.

49. At all times relevant to this action, Plaintiff and the installers were non-exempt employees for purposes of overtime compensation.

8

50. As hourly employees, Plaintiff and the installers were entitled to a rate of time and one-half for all hours over forty per workweek.

51. Defendants knew that Plaintiff and the installers, as hourly employees, were entitled to a rate of time and one-half for all overtime hours pursuant to the FLSA.

52. Defendants knew that Plaintiff and the installers were working, at times, over forty hours per week.

53. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff and those similarly situated.

54. Defendants are liable to Plaintiff and those similarly situated for compensation for any and all time worked in excess of forty hours per week at the rate of at least one and one-half times the regular rate at which Plaintiff and those similarly situated were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

55. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and those similarly situated have suffered damages plus incurring costs and reasonable attorneys' fees.

56. As a result of Defendants' willful violations of the FLSA, Plaintiff and those similarly situated are entitled to liquidated damages.

57. Plaintiff demands a jury trial.

## COUNT I

58. Plaintiff repeats and incorporates by reference Paragraphs 1 - 57 herein.

59. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff and those similarly situated in accordance with §§ 203 and 207 of the FLSA.

60. Defendants have not made a good faith effort to comply with the FLSA with respect to their overtime compensation of Plaintiff and those similarly situated.

61. As a result of Defendants' violations of the FLSA, Plaintiff and those similarly situated have suffered damages by failing to receive overtime compensation in accordance with §§ 203 and 207 of the FLSA.

62. As a result of the unlawful acts of Defendants, Plaintiff and those similarly situated have been deprived of overtime compensation in an amount to be

determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated person who will opt-in to this action, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That all Plaintiffs be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages;

B. That all Plaintiffs be awarded pre- and post-judgment interest;

C. That all Plaintiffs be awarded reasonable attorneys' fees;

D. That all Plaintiffs be awarded the costs and expenses of this action; and

E. That all Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 7th day of December, 2014.

MARTIN & MARTIN, LLP

By: *Kimberly N. Martin* (signature)
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
Thomas F. Martin

11

tfmartinlaw@msn.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
(404) 313-5538 / (770) 837–2678 Fax