# MUTUAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into on this ___ day of August, 2015, by and between Plaintiff Vernes Pengic ("Pengic"), opt-in Plaintiffs Nermin Omeragic ("Omeragic") and Sergio Sanchez ("Sanchez"), and Defendants R.I.O.F., Inc. and David Ramirez (collectively, the "Parties").

1. **No Admission of Liability.** This Agreement does not constitute an admission by Defendants of any liability to Pengic, Omeragic or Sanchez or to anyone else because of or growing out of matters as set forth in *Pengic v. R.I.O.F., Inc.*, Civil Action No. 1:14-cv-03882-WBH, United States District Court for the Northern District of Georgia (the "Action"). In fact, Defendants specifically deny that they engaged in any improper or unlawful conduct in connection with any monies paid or allegedly owed to Pengic, Omeragic or Sanchez. The Parties further acknowledge that Defendants' investigation into Pengic's, Omeragic's and Sanchez's claims for unpaid wages did not produce any evidence that Defendants had underpaid Pengic, Omeragic or Sanchez in any respect.

2. **Full and Complete Payment.** Pengic, Omeragic and Sanchez acknowledge that the payment of the monies to them by Defendants identified herein constitutes full and complete payment of any unpaid wages and other damages allegedly owed to them at the time of execution of this Agreement.

3. **Payment to Plaintiffs.** In consideration for signing this Settlement Agreement and General Release and the fulfillment of the promises herein, Defendants shall deliver the following checks to Pengic's counsel:

   a. One check made payable to Vernes Pengic, in the amount of two thousand seven hundred twelve dollars and fifty cents ($2,712.50) to represent settlement of his claim. R.I.O.F. will issue an IRS Form 1099 for this amount to Pengic specifically checking box 3 and designating the payment as "other income."

   b. One check made payable to Nermin Omeragic, in the amount of three hundred fifty three dollars and fifty cents ($353.50) to represent settlement of his claim. R.I.O.F. will issue an IRS Form 1099 for this amount to Omeragic specifically checking box 3 and designating the payment as "other income."

c. One check made payable to Sergio Sanchez, in the amount of nine thousand five hundred dollars and zero cents ($9,500.00) to represent settlement of his claim. R.I.O.F. will issue an IRS Form 1099 for this amount to Sanchez specifically checking box 3 and designating the payment as "other income."

d. One check made payable to the law office of Martin & Martin, LLP, in the amount of fifteen thousand dollars and zero cents ($15,000.00) to represent Pengic's, Omeragic's and Sanchez's attorneys' fees and costs. R.I.O.F. will issue an IRS Form 1099 for this amount specifically checking box 3 and designating the payment as "other income."

e. Pengic, Omeragic, Sanchez and their attorney, Thomas F. Martin ("Martin"), agree to provide R.I.O.F. the requisite tax identification numbers and related information, including executed W-9 forms.

f. Pengic, Omeragic, and Sanchez agree to indemnify and hold Defendants harmless with respect to any taxes, interest, penalties, or any other costs or monies related to payment of the settlement amounts set forth in Paragraph No. 3 of the Agreement. Defendants do not make any warranty or representation to Pengic, Omeragic, or Sanchez or their counsel regarding the tax consequences of these payments.

4. **General Release of Claims.** In exchange for the consideration described herein, Pengic, Sanchez, and Omeragic, on behalf of themselves and their heirs, successors, agents, and all other related persons or entities, hereby unconditionally and irrevocably release, remise and forever discharge Defendants of and from any and all complaints, actions, suits, charges, and any claims for counsel fees and costs, unpaid or withheld wages, severance, demands, costs, losses, benefits, bonuses, or commissions, and/or expenses, of any nature whatsoever, asserted or unasserted, named or unnamed, suspected or unsuspected, which they ever had, now have, or hereafter may have against the Defendants arising out of or relating to Defendants' independent contractor and/or employment relationship with, and/or termination of their independent contractor and/or employment relationship with, Defendants from the beginning of time through the date of this Agreement, including, without limitation, any and all actions, causes of action, claims for or charges of breach of contract, unfair competition, defamation or other tort, wrongful termination, training costs, managed fees, or unpaid compensation, and/or for violations of Title VII

of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, the Equal Pay Act, the Family and Medical Leave Act of 1993, the Age Discrimination in Employment Act, the Fair Labor Standards Act of 1938, the Older Workers Benefits Protection Act, the Employee Retirement Income Security Act of 1974, the Lilly Ledbetter Fair Pay Act of 2009, the Sarbanes-Oxley Act of 2002, all as amended (if applicable), and any other federal, state, local and/or municipal human rights statutes, fair employment statutes, laws and/or regulations pertaining to employment, the termination of employment, or discrimination in employment. It is expressly understood and agreed that the release contained in this Agreement is a general release. This release does not include any claim for unpaid wages or overtime pay based on conduct occurring after the Parties execute this Agreement.

5. **Court Approval of Agreement and Dismissal With Prejudice.** The Parties agree that within seven (7) days after all Parties have executed this Agreement, they shall file a Joint Motion to Approve Settlement and Dismiss Lawsuit with Prejudice (along with a proposed order). Such Motion shall seek Court approval of the Agreement and dismissal with prejudice of all of Pengic's, Omeragic's, and Sanchez' claims against Defendants. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement and dismissal of this lawsuit.

6. **Timing of Payment:** The checks described in Paragraph No. 3 of this Agreement shall be mailed to Martin within fourteen (14) days after the Court approves the Agreement and dismisses this lawsuit with prejudice or receipt of the W-9 Forms executed by Pengic, Omeragic, Sanchez and Martin, whichever is later.

7. **Severability of Provisions.** If any provision of this Agreement is held to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect, except that if Paragraph No. 3 of this Agreement is held to be void, voidable, unlawful or unenforceable, then Defendants, at their sole option, may rescind this Agreement and recover from Pengic, Omeragic and Sanchez the payments made under this Agreement.

8. **Fees and Costs.** The Parties agree that other than what is described in Paragraph No. 3 of this Agreement, each party will bear his or its own attorneys' fees and costs.

9. **Binding Agreement.** This Agreement will bind and inure to the benefit of the Parties and all of their heirs, executors, administrators, successors, assigns, and legal representatives, as well as all other persons in privity with them. Notwithstanding any privilege applicable to settlement proceedings, this Agreement may be introduced into evidence to prove the Parties' Agreement.

10. **Complete Agreement.** The Parties acknowledge that no promise or inducement has been offered except as set forth in this Agreement and that they execute this Agreement without reliance upon any statement or representation other than what is contained in this Agreement. This Agreement constitutes the entire Agreement between the Parties with respect to the matters that it covers and supersedes all prior and contemporaneous agreements, representations and understandings of the Parties with respect to those matters. This Agreement may be amended only by written agreement and signed by the Party or Parties to be bound by the amendment. Parol evidence will be inadmissible to show agreement by and between the Parties to any term or condition contrary to or in addition to the terms and conditions contained in this Agreement.

11. **Choice of Law.** The Parties hereto acknowledge that this Agreement is enforceable in the District Court for the Northern District of Georgia. The interpretation and application of the terms of this Agreement shall be governed and construed in accordance with the laws of the State of Georgia.

12. **Effect of Breach.** The Parties hereto acknowledge that any breach of the Agreement shall entitle the non-breaching party not only to damages, but also to injunctive relief to enjoin the actions of the breaching party, as well as costs, including fees of its attorneys, paralegals and legal assistants.

13. **Confidentiality.** Pengic, Omeragic, and Sanchez agree that they shall keep strictly confidential the facts and circumstances underlying and giving rise to the Action, including this Agreement and the settlement amounts described in Paragraph No. 3 of this Agreement. Specifically, Pengic, Omeragic, and Sanchez agree that the terms of this Agreement shall not

be disclosed to any third party at any time, other than to their spouses, attorneys, and/or accountants who also agree to be bound by all of the confidentiality provisions of this Agreement, unless otherwise required by process of law. Additionally, this Agreement and its terms shall not be used or disclosed by any party to this Agreement in any court action, arbitration or other legal proceeding, except to enforce the provisions of this Agreement or as required by law.

14. **Other Warranties and Representations.** Pengic, Omeragic, Sanchez and their counsel warrant and represent that they will not take any action to solicit or initiate contact with any other person to pursue or assert claims against Defendants concerning the allegations or claims raised in this lawsuit.

15. **Knowing and Voluntary Waiver.** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

16. **Counterparts.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed a single instrument.

_08-26-2015_
Date

_VERNES PENGIC_

_08-26-2015_
Date

_NERMIN OMERAGIC_

_08/26/2015_
Date

_SERGIO SANCHEZ_

9/9/15
Date

R.I.O.F., INC.
By: _____

9/9/15
Date

DAVID RAMIREZ

REVIEWED AND APPROVED AS TO FORM BY COUNSEL:

Thomas F. Martin,
Counsel for Plaintiffs
Date: 8/28/15

Gordon M. Berger,
Counsel for Defendants
Date: 9/14/15

WSACTIVELLP:7725569.4